UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-642 (JDB) |
| v. | : | |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
INFORMATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Darrell Neely's Motion To Dismiss Information (the "Motion") (ECF No. 31).  In the Motion, Defendant seeks dismissal of the Information because of a purported failure by the Government to follow the Department of Justice's policy regarding charging members of the news media, as set forth in 28 C.F.R. § 50.10.(f)(2) (the "Policy").

The Motion should be denied for two independent reasons.[1]  First, Defendant's assertion that the Government failed to comply with the Policy lacks both a factual and legal foundation.  A "presumption of regularity supports … prosecutorial decisions" such that "in the absence of clear and convincing evidence to the contrary, courts presume that [the Attorney General and United States Attorneys] have properly discharged their official duties."  *United States v. Armstrong*, 517

---

[1] The Government does not concede that Defendant was acting as a member of the news media on January 6, 2021 or that 28 C.F.R. § 50.10.(f)(2) applies in this matter.  The Court, however, need not resolve this issue.

U.S. 456, 464 (1996) (internal quotation marks and citations omitted). The Government represents that it has complied with the Policy in this matter. Defendant's unsupported assertion to the contrary does not overcome the presumption of regularity and should therefore be rejected.

Second, the Policy expressly states that the it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States . . . ." 28 C.F.R. § 50.10(j). Indeed, the D.C. Circuit has expressly held that the Policy "create[s] no enforceable right" and does not "confer substantive or procedural benefits upon individual media personnel." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1152-53 (D.C. Cir. 2006) ("Given the nature of the [Policy] . . ., we conclude that the [Policy] provide[s] no enforceable rights to any individuals, but merely guide[s] the discretion of the prosecutors. We therefore need not reach the question of the Special Counsel's compliance with the [Policy]."). Notably, Defendant's Motion provides no authority for his position that the remedy for a violation of the Policy is dismissal. Accordingly, for this second and independent reason, the Motion should be denied.

## CONCLUSION

The Motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

*/s/ Joseph McFarlane*

2

PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov

/s/ *Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov

3

## CERTIFICATE OF SERVICE

    I certify that a copy of the Government's Response was served on all counsel of record via the Court's electronic filing service.

                                                                               */s/ Joseph McFarlane*  
                                                                               JOSEPH MCFARLANE  
                                                                               Trial Attorney

Date: August 21, 2022