UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-642 (JDB)** |
| v. | : | |
| | : | |
| **DARRELL NEELY,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT NEELY'S MOTIONS IN LIMINE

The government files these responses to defendant's motions *in limine* (ECF 33):

1) No objection. The government does not plan to offer any news reports of police personnel who died during or after January 6, 2021.

2) No objection. The government does not plan to introduce evidence regarding former President Trump's various election related lawsuits, other than any references made by the former President himself, during his January 6th rally at the Ellipse.

3) No objection. The government is not planning to introduce evidence concerning the defendant's knowledge of, or affiliation with, any militia organization. If the government discovers any new evidence to the contrary, it will address the issue with the Court prior to introducing any such evidence to the jury.

4) No objection. By definition, the government is not planning to offer any "irrelevant" evidence. Accordingly, it does not oppose this motion.

5) Opposed. A defendant's criminal history is relevant for many purposes, including impeachment should he testify.

6) No objection. The government does not intend to offer the defendant's "mug shot."

7) Opposed.  The defendant does offer any legal or factual basis for his motion urging the Court not to admit "tags" of the defendant by others on Facebook or other social media.  Should the defendant offer any legal or factual basis for this motion in a reply brief, the government will respectfully ask for permission to submit a sur-reply in response.

8) Opposed. The defendant's ex-wife is a potential witness in this case. Therefore, an order prohibiting the introduction of "[a]ny information about relationship with his ex-wife" would be overbroad. Objections to specific questions would be more properly reserved for trial where the context would be more apparent.

9) Opposed.  The United States intends offer electronic evidence that shows the defendant inside the U.S. Capitol building holding what appears to be a marijuana cigarette. The government will not seek to establish that the cigarette contains marijuana. However, the evidence is relevant because the government will seek to establish that the defendant was disorderly, disruptive, parading, and demonstrating inside the Capitol building during the January 6, 2021 riot.  To establish the elements of certain charges in the Information, the government must show that the defendant engaged in "disorderly or disruptive conduct" and that the defendant paraded, demonstrated, or picketed in any of the U.S. Capitol buildings or grounds. *See* 18 U.S.C. § 1752(a)(20; 40 U.S.C. § 51404(e)(2)(D), (G). Therefore, this evidence should not be excluded.

10) Opposed. The government does not intend to offer the defendant's home street address into evidence. However, the government should not be precluded from establishing the defendant's city and state of residence at the time of the riot.

## **CONCLUSION**

The government respectfully requests the Court to rule on the defendant's motions *in limine* consistent with the government's positions set forth above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ *Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov


/s/ *Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov