UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-642 (JDB) |
| v. | : | |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT RELATED TO CASES AGAINST MEMBERS OF THE NEWS MEDIA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to preclude evidence or argument at trial about the status, disposition, pendency, or lack of charges related to cases against members of the news media arising out of the events of January 6, 2021. Any such evidence is irrelevant to the factual dispute in Defendant Darrell Neely's cases. In addition, any such evidence or argument would confuse the issues, mislead the jury, cause undue delay, and waste time, in violation of Federal Rule of Evidence 403.

## BACKGROUND

Defendant is charged with five offenses stemming from his presence and conduct inside the U.S. Capitol on January 6, 2021: theft of governments property, in violation of 18 U.S.C. § 641; entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C.

§ 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Defendant purports to run a website called the Global Enlightenment Radio Network. He claims that he was at the Capitol on January 6 "as a member of the press" filming the rally on behalf of his radio network. *See* ECF No. 31 at 2. In addition, his counsel has asked the Government for a list of all members of the news media who were present at the Capitol on January 6, 2021 but who were not charged due to their status as a member of the news media.[1]

## ARGUMENT

Based on Defendant's arguments to the Court and requests to the Government, the United States believes that Defendant may attempt at trial to introduce evidence and argument suggesting that he should not have been charged in this case because he is a member of the news media. Such evidence and argument would be inappropriate and should be excluded.

Such evidence or argument—which would implicate procedural events occurring after January 6—has no bearing on the proof of Defendant's alleged criminal conduct that day. In addition, any such evidence or argument would divert the jury's attention to the conduct and charges (or lack thereof) related to other individuals. Because this would confuse the issues, mislead the jury, cause undue delay, and waste time, Rule 403 independently supports exclusion.

Defendant's argument, in effect, would be an argument based on selective prosecution, *i.e.*, other members of the news media were not charged but he was.[2] As the D.C. Circuit has

---

[1] The Government declined to provide this information.
[2] The Government does not concede that Defendant was acting as a member of the news media on January 6, 2021. In addition, it is well-settled that members of the news media have "no special immunity from the application of general laws." *Branzburg v. Hayes*, 408 U.S. 665, 683 (1972).

2

recognized, a selective-prosecution claim implicates "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged." *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983). As a consequence, "the issue of selective prosecution is one to be determined by the court." *Id.*; *see also id*. (rejecting defense argument that "the issue of selective prosecution should have gone to the jury"). Any evidence or argument pertaining to selective prosecution accordingly has no place at Defendant's trial and should be excluded. *See United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2006) (affirming district court's exclusion of selective-prosecution evidence at trial); *United States v. Clay*, 618 F.3d 946, 955-56 (8th Cir. 2010) (same). *United States v. Berrigan*, 482 F.2d 171, 174-75 (3d Cir.1973) (same).

Other defendants have catalogued evidence of other criminal proceedings and dispositions to minimize or contextualize their criminal actions on January 6. At least one court in this district has recognized that such evidence and argument would be fair game at sentencing under 18 U.S.C. § 3553(a). *See United States v. Griffin*, 549 F. Supp. 3d 49, 59 (D.D.C. 2021) ("Disparate charging decisions in similar circumstances may be relevant at sentencing.") (McFadden, J.). But, as the D.C. Circuit recognized in *Washington*, it has no bearing on the jury's determination of a defendant's guilt or innocence on the underlying charges.[3]

---

[3] To be clear, the Government is *not* asking the Court to exclude evidence or argument related to whether Defendant himself believed he was acting as a member of the news media. That issue arose in *United States v. Herrera* and was addressed, among other ways, by a jury instruction on dual intent. *See United States v. Herrera*, No. 21-619 (BAH), ECF No. 65, at 6 ("A defendant's unlawful intent . . . is not negated by the simultaneous presence of another purpose for his conduct."). The Government intends to submit a similar jury instruction in this case.

3

## **CONCLUSION**

The Motion should be granted and the Court should exclude from trial any evidence, questioning, or argument related to cases against members of the news media, including cases in which individuals were not charged.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ *Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov

/s/ *Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that a copy of the Government's Motion was served on all counsel of record via the Court's electronic filing service.

                                                  /s/ Joseph McFarlane_____
                                                  JOSEPH MCFARLANE
                                                  Trial Attorney

Date: September 2, 2022