UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-642 (JDB) |
| v. | : | |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION IN LIMINE TO LIMIT QUESTIONING AND ARGUMENT REGARDING THE WOMAN WITH WHOM DEFENDANT ENTERED THE CAPITOL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to limit certain lines of questioning and argument regarding the woman with whom Defendant entered the Capitol. More specifically, Defendant's counsel has requested from the Government evidence that the woman with whom he entered the Capitol was a member of law enforcement. At this time, the Government is unaware of any evidence to support that contention. Accordingly, unless there is evidence at trial to support the assertion that this individual was a member of law enforcement, Defendant should not be allowed to ask questions or make argument that she was.

### BACKGROUND

Defendant is charged with five offenses stemming from his presence and conduct inside the U.S. Capitol on January 6, 2021: theft of governments property, in violation of 18 U.S.C. § 641; entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of

18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

As shown in the photographs below, Defendant entered the Capitol and walked around with a woman in a pink beret:





Defense counsel has asked the Government for any evidence showing that the woman in the pink beret was a member of law enforcement.  The Government has no such evidence and Defendant has not produced any reciprocal discovery on this issue.

## ARGUMENT

Based on Defendant's request, the Government believes that Defendant may ask questions regarding, and make arguments about, whether the woman in the pink beret was a member of law enforcement.  Unless Defendant produces evidence to support such questions and argument, the questions and argument would be inappropriate and should be excluded.

It is well-settled that a "'defense counsel cannot have a foundation in fact for all questions asked on cross-examination and . . . a well-reasoned suspicion that a circumstance might be true is sufficient.'" *United States v. McCallum*, 885 F. Supp. 2d 105, 116 (D.D.C. 2012) (quoting *United States v. Fowler*, 465 F.2d 664, 666 (D.C. Cir. 1972)).  "Counsel therefore must demonstrate that 'the proposed line of cross-examination follow[s] a lead reasonably suggested by other facts in evidence.'" *Id.* at 117 (quoting *United States v. Lin*, 101 F.3d 760, 768 (D.C. Cir. 1996) (alteration in original)).

Here, there is no evidence that the woman in the pink beret was a member of law enforcement.  As a result, questioning or argument on that topic is inappropriate because it lacks foundation.  In addition, such questioning would confuse the issues, mislead the jury, cause undue delay, and waste time, and Rule 403 independently supports exclusion.

Therefore, the Government requests that the Court limit any questioning regarding whether the woman in the pink beret was a member of law enforcement unless the defense offers some foundation for such an assertion.  And, even then, Rule 403 may justify excluding such questioning, depending on the basis of the foundation.

**CONCLUSION**

The Motion should be granted and the Court should exclude from trial any questioning or argument related to whether the woman in the pink beret was a member of law enforcement, unless Defendant can establish some foundation for that assertion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ Joseph McFarlane
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov

/s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that a copy of the Government's Motion was served on all counsel of record via the Court's electronic filing service.

                                                                          */s/ Joseph McFarlane*_____
                                                                          JOSEPH MCFARLANE
                                                                          Trial Attorney

Date: September 2, 2022