UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 21-cr-642 (JDB)** |
| **v.** : | |
| : | |
| **DARRELL NEELY,** : | |
| : | |
| **Defendant.** : | |

## MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE AND REQUEST FOR IMMEDIATE HEARING

Defendant Darrell Neely is believed to have absconded. According to his Pretrial Services Officer, he has not reported to Pretrial Services since August 2, 2022, and has a bench warrant for his arrest in connection with failure to appear in a local criminal case. His attorney also reported that she has been unable to contact him. Most notably, it was recently discovered that an individual with whom Defendant was living in North Carolina reported to an FBI agent that Defendant stated to her that has over $200,000 from the sale of real property in Washington, D.C., and that he intends to flee using these funds. Defendant is undoubtedly in violation of his pretrial conditions of release, poses an obvious risk of flight, and his pretrial release should be revoked.

In addition, given that Defendant appears to be a fugitive, the Government respectfully asks the Court for an immediate hearing to address this revocation and consider whether to vacate the trial date of October 5, 2022, so that the Court and parties do not waste resources preparing for trial when the Defendant has absconded, and it is unknown whether he will be located prior to his trial.

## BACKGROUND

Defendant is charged with five offenses stemming from his presence and conduct inside the U.S. Capitol on January 6, 2021:  theft of governments property, in violation of 18 U.S.C. § 641; entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On August 29, 2022, Pretrial Services filed a report with the Court stating that Defendant was in violation of his conditions of release and asking the Court to revoke Defendant's release. *See* Status Report, ECF. No. 46 at 2 (hereafter "Status Report").  According to the Status Report, Defendant last reported to Pretrial Services on August 2, 2022 and has failed to report since then. *Id.* at 2.  Pretrial Services' multiple attempts to contact Defendant, including via phone, his new phone number, and email, have been fruitless.  *See id.*  In addition, Defendant told Pretrial Services that he was going to North Carolina to find housing for his mother and aunt but, as detailed below, the Government was informed by an individual that Defendant had gone down to North Carolina to live.

On August 10, 2022, a bench warrant was issued for Defendant due to a failure to appear in his local criminal case.  *See id.*

In addition, Defendant's counsel reported to the Court on August 29, 2022, that she has not been in contact with him for at least a week.  *See* ECF No. 45.

2

Finally, the FBI case agent was contacted by an individual in North Carolina who stated that Defendant was living with her. According to this individual, Defendant told her that he had sold his property in Washington, D.C., and has approximately $240,000 in proceeds from the sale. Defendant also told her that he intends to flee using these funds and is no longer living with her.

## LAW AND ARGUMENT

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . (1) finds that there is . . . (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that . . . (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

As set forth above, Defendant appears to have absconded from justice and is plainly in violation of the conditions of his pretrial release. He is refusing to contact the Pretrial Services Officer and has a bench warrant for his arrest for failure to appear in his local criminal case. In addition, he apparently is no longer in contact with his lawyer in this case.

Finally, Defendant has the means to flee, namely the proceeds from the sale of his property in Washington. And he has expressed to a witness that he, in fact, *intends* to flee from justice. Accordingly, the Government requests that the Court set an in-person hearing as soon as the Court's calendar permits, and revoke Defendant's pretrial release. In the event Defendant fails to appear for the hearing, the Government will seek a bench warrant and will ask the Court to vacate the trial date.

**CONCLUSION**

The Court should grant the government's motion to revoke Defendant's pretrial release and, if necessary, vacate the October 5 trial date.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ Joseph McFarlane
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov

/s/ Andrew J. Tessman
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov

## CERTIFICATE OF SERVICE

    I certify that a copy of the Government's Motion was served on all counsel of record via the Court's electronic filing service.

                                               */s/ Joseph McFarlane*_____
                                               JOSEPH MCFARLANE
                                               Trial Attorney

Date: September 2, 2022