UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-642 (JDB)** |
| v. | : | |
| | : | |
| **DARRELL NEELY,** | : | |
| | : | |
| Defendant. | : | |

## OPPOSITION TO DEFENDANT'S
## AMENDED MOTION TO TRANSFER VENUE

Defendant Darrell Neely, who is charged in connection with events at the U.S. Capitol on January 6, 2021, has filed an amended motion to transfer venue in this case "to the Eastern District of Virginia or some other District outside of the District of Columbia." ECF No. 65 at 27. The government has already responded to the defendant's prior motion to transfer venue. ECF No. 44. The defendant's amended motion should be denied because the defendant has again failed to establish that he "cannot obtain a fair and impartial trial" in this district, Fed. R. Crim. P. 21(a).[1]. Therefore, the United States incorporates its prior response by reference.

---

[1] Every judge on this Court to have ruled on a motion for change of venue in a January 6 prosecution has denied the motion. *See, e.g., United States v. Gillespie,* No. 22-cr-60, ECF No. 41 (D.D.C. Nov. 29, 2022) (BAH); *United States v. Bender, et al.*, No. 21-cr-508, ECF No. 78 (D.D.C. Nov. 22, 2022) (BAH); *United States v. Sandoval*, No. 21-cr-195, ECF No. 88 (Nov. 18, 2022) (TFH); *United States v. Nordean, et al.*, No. 21-cr-175, ECF No. 531 (Nov. 9, 2022) (TJK); *United States v. Eicher*, No. 22-cr-38, ECF No. 34 (D.D.C. Oct. 20, 2022); *United States v. Nassif*, No. 21-cr-421, ECF No. 42 (D.D.C. Sep. 12, 2022) (JDB); *United States v. Brock*, No. 21-cr-140, ECF No. 58 (D.D.C. Aug. 31, 2022) (JDB); *United States v. Jensen*, No. 21-cr-6 (Aug. 26, 2022) (Minute Entry) (TJK); *United States v. Williams*, No. 21-cr-618, ECF No. 63 (D.D.C. Aug. 12, 2022) (ABJ); *United States v. Herrera*, No. 21-cr-619, ECF No. 54 (D.D.C. August 4, 2022) (BAH); *United States v. Garcia*, No. 21-cr-129, ECF No. 83 (D.D.C. July 22, 2022) (ABJ); *United States v. Rusyn, et al.*, No. 21-cr-303 (July 21, 2022) (Minute Entry) (ABJ); *United States v. Bledsoe*, No. 21-cr-204 (July 15, 2022) (Minute Order) (BAH); *United States v. Calhoun*, No. 21-

In support of his amended motion, the defendant now points to certain social media posts that the defendant claims were posted without his permission on Twitter.[2] Missing from his claim is any articulation of how posts from Twitter, a worldwide social media platform with millions of active users, from a Twitter account with a limited following (~1.5K followers) specifically prejudices him in the District of Columbia. Those Twitter posts would be just as visible to prospective jurors in the Eastern District of Virginia or other potential venues within the United States. And it is highly unlikely that a substantial percentage of prospective jurors in the District of Columbia have been exposed to those Twitter posts. Moreover, like the defendant's other concerns, the concern about the defendant's Twitter posts can easily be dealt with in *voir dire* by asking any potential juror if they have heard about the defendant or seen any of the posts.

---

cr-116 (July 11, 2022) (Minute Order) (DLF); *United States v. Rhodes, et al.*, No. 22-cr-15, ECF No. 176 (D.D.C. June 28, 2022) (APM); *United States v. Williams*, No. 21-cr-377 (June 10, 2022) (Minute Entry) (BAH); *United States v. McHugh*, No. 21-cr-453 (May 4, 2022) (Minute Entry) (JDB); *United States v. Hale-Cusanelli*, No. 21-cr-37 (Apr. 29, 2022) (Minute Entry) (TNM); *United States v. Webster*, No. 21-cr-208, ECF No. 78 (D.D.C. Apr. 18, 2022) (APM); *United States v. Alford*, 21-cr-263, ECF No. 46 (D.D.C. Apr. 18, 2022) (TSC); *United States v. Brooks*, No. 21-cr-503, ECF No. 31 (D.D.C. Jan. 24, 2022) (RCL); *United States v. Bochene*, No. 21-cr-418-RDM, 2022 WL 123893 (D.D.C. Jan. 12, 2022) (RDM); *United States v. Fitzsimons*, No. 21-cr-158 (D.D.C. Dec. 14, 2021) (Minute Order) (RC); *United States v. Reffitt*, No. 21-cr-32 (D.D.C. Oct. 15, 2021) (Minute Order) (DLF); *United States v. Caldwell*, 21-cr-28, ECF No. 415 (D.D.C. Sept. 14, 2021) (APM).

[2] The defendant did not provide any evidence that the posts were unauthorized, other than that they continued after his arrest.

**CONCLUSION**

For the foregoing reasons, the defendant's amended motion to transfer venue (ECF No. 65) should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

/s/ *Andrew J. Tessman*
ANDREW J. TESSMAN
Assistant United States Attorney
District of Columbia – Detailee
West Virginia Bar No. 13734
300 Virginia Street
Charleston, WV 25301
(304) 345-2200
Andrew.Tessman@usdoj.gov


/s/ *Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov