# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 21-CR-642(JDB) |
| | ) | |
| DARRELL NEELY | ) | |

## DEFENDANT'S RESPONSE TO GOVERNMENT MOTIONS IN LIMINE ECF NO. 47 AND ECF NO. 50

NOW COMES the defendant, Darrell Neely, by and through counsel, Kira Anne West and respectfully responds to the government motions in limine and states the following:

1. Government motion in limine ECF No. 47

First, it should be noted that these motions were filed September 2, 2022. A lot has changed since then, mainly the many revelations from the J6 Committee hearings. Here the government argues that Mr. Neely be precluded from introducing evidence or argument related to cases against other members of the news media. Mr. Neely intends to present evidence of his employment which the defense does not believe is objected to by the government. The defense has no intention of arguing any facts regarding others "which would implicate procedural events occurring after January 6." Mr. Neely does not intend to argue selective prosecution.

2.  <u>Government motion in limine ECF No. 50.</u>

Here, the government argues that Mr. Neely should be precluded from arguing entrapment by estoppel and cites *Chrestman* multiple times in support of this position. First, the government has incorrectly stated the facts about placement of barricades. In *United States v. Egtvedt*, 22 CR 177 (CRC), Monique Moore, Supervisor of US Capitol Police Center, testified at trial that all barricades surrounding the Capitol were down by 1 p.m. and were never put back up.[1] Undersigned counsel is unaware of any "police orders restricting entry at the Capital." ECF No. 50, p. 4, citing *Chrestman*, 525 F.Supp. 3d 14,  32 (D.D.C. 2021)(BAH).  The government's position that Mr. Neely should be precluded from arguing that President Trump gave permission to attack the United States Capitol flies in the face of the facts brought out by the J6 Committee. However, Mr. Neely always believed that he had permission to be there because he was a member of the press, not because the President told him he could be there. Thus, the issue is moot.

The government further argues that Mr. Neely should be precluded from arguing inaction by law enforcement. This is clearly in contravention of the rules of evidence and criminal procedure. Mr. Neely's intent on January 6 is the center of this case. For example, if a law enforcement

---

[1] In the event the Court would like a transcript of this testimony, undersigned counsel can obtain one.

officer told Mr. Neely he could enter and remain on the premises, and/or if a video shows Mr. Neely was not stopped or restrained by law enforcement, that is reliable and relevant evidence that this Court should allow the jury to hear and see. Mr. Neely should not be precluded from presenting reliable and relevant facts to the fact finder. The government acknowledges that what Mr. Neely observed and/or was made aware of law enforcement conduct goes directly to his "state of mind."  His intent is part of the elements of the offenses he is charged with and Mr. Neely's defense team intends to exchange exhibits long before a jury is seated just so this issue is not one of surprise to the Court. If the defense presents such evidence, he will in fact show that the defendant was aware of the fact by personally observing it, hearing it,  and/ or was  made aware of the action and inaction of police. This is specifically relevant to abandoned property. The defense intends to present evidence to show Mr. Neely is not guilty of stealing government property, even though it's the government's burden to prove it. Abandonment is always a defense to possessing an object. There is no Fourth Amendment protection in abandoned property, whether you intended to pick it up later or not. *See California v. Greenwood,* 486 U.S. 35 (1988).

Undersigned counsel believes that these issues will be clarified once the parties exchange exhibits and stipulations[2] which will include evidence and previous testimony.

WHEREFORE, the defendant requests that this Court rule on motions in limine after both parties have exchanged exhibits and agreed to stipulated evidence.

Respectfully Submitted,

_____/s/_____

Kira Anne West
DC Bar No. 993523
712 H. Street N.E., Unit 509
Washington, D.C.  20002
(202)-236-2042
kiraannewest@gmail.com
Attorney for Mr. Neely

Certificate of Service

I certify that a copy of the forgoing was filed electronically for all parties of record on this 27th day of February, 2023.

_____/s/_____
Kira Anne West
Attorney for Mr. Neely

---

[2] Undersigned counsel has stipulated to a great deal of evidentiary material in a previous J6 trial and in upcoming trials and is hopeful that this will be the case here.