UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-642 (JDB) |
| v. | : | |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT RELATED TO CASES AGAINST MEMBERS OF THE NEWS MEDIA AND ITS MOTION IN LIMINE TO PRECLUDE CERTAIN DEFENSE ARGUMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following reply to the defendant's response (ECF No. 71) to the government's motion in limine to preclude the defendant from presenting evidence and argument related to cases against members of the news media (ECF No. 47) and its motion to preclude certain defense arguments (ECF No. 50). For the reasons that follow, the Court should grant both motions.[1]

**1. Motion In Limine to Preclude Evidence and Argument Relating to Cases against Members of the News Media (ECF No. 47)**

The Government seeks to preclude the defendant under Fed. R. Evid. 401 and 403 from arguing that he should not have been charged in this case because he claims to be a member of the news media, and further that such an argument would be an improper selective prosecution claim

---

[1] As this Court is aware, after the Government did not file a reply brief to defendant's opposition brief by the original deadline, the Court issued a minute order requiring it to do so. *See* March 17, 2023 Minute Order.

that has no bearing on defendant's guilt or innocence. ECF No. 47 at 2-3. Defendant's opposition brief represents that the defense has no intention of presenting facts which would implicate procedural events occurring after January 6 or of arguing selective prosecution. ECF No. 71 at 1. Defendant does intend to "present evidence of his employment" at trial. *Id.* The Government does not seek to preclude evidence pertaining to Mr. Neely's belief that he was acting as a member of the news media, which can be addressed by an appropriate intent instruction. *See* ECF No. 47 at 3 n.3. In short, there appears to be no dispute over the Government's motion. ECF No. 47. The Court should therefore grant the Government's motion in limine to preclude evidence, questioning, or argument relating to cases against members of the news media, including cases in which individuals were not charged. ECF No. 47.

    **2.** **<u>Motion In Limine to Preclude Certain Defense Arguments (ECF No. 50)</u>**

The Government's motion in limine sought to preclude the defendant from (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct; and (4) arguing that the property the defendant took from the U.S. Capitol on January 6, 2021 was somehow abandoned. As stated in the government's motion in limine (ECF No. 50), the defendant should be prohibited from presenting an entrapment by estoppel defense or an inaction by law enforcement defense, and should be allowed to present evidence of law enforcement's alleged inaction only if he can establish his direct knowledge of such. The Court should also require the defendant to turn over exhibits in support of his abandonment defense.

### a. This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel

A motion in limine is a proper vehicle by which the government may challenge the sufficiency of an affirmative defense before trial. *United States v. Ross*, 206 F.3d 896, 898 (9th Cir. 2000). To entitle a defendant to present an affirmative defense to the jury, his proffer in response to a motion in limine must meet the minimum standard as to each element of the defense, so that if a jury finds it to be true, it would support the defense. *United States v. Tokash,* 282 F.3d 962, 967 (7th Cir. 2002). Where the evidence proffered in response to a motion in limine is insufficient as a matter of law to support an affirmative defense, a pretrial ruling precluding the presentation of the defense at trial is appropriate. *See id.; United States v. Robinson*, 180 Fed. Appx. 92 (11th Cir. 2006) (per curiam) (entrapment by estoppel defense).

The defendant's response brief states that "Mr. Neely always believed that he had permission to be there [in the U.S. Capitol] because he was a member of the press, not because the President told him he could be there. Thus, the issue is moot." ECF No. 71 at 2.[2] Because the defendant does not intend to pursue this entrapment-by-estoppel defense, this Court should grant the government's motion.[3]

---

[2] The Government takes issue with several of defendant's factual assertions made in connection with this portion of his motion, but they are not necessary to resolve to decide the motion. *Compare id.* (suggesting that precluding an estoppel defense based on former President Trump's statements would be inconsistent with the findings of the January 6 committee) *and* Memorandum Opinion, *United States v. Sheppard*, 21-cr-203-JDB, ECF No. 63 at 19 n.7 (D.D.C. Dec. 28, 2022) ("[T]he conclusions reached here—that even if protesters believed they were following orders, they were not misled about the legality of their actions and thus fall outside the scope of any public authority defense—is consistent with the Select Committee's findings").

[3] In any event, this Court has squarely rejected another January 6 defendant's attempt to invoke a public authority and entrapment-by-estoppel defense in reliance on the statements of

3

### b. Court Should Preclude the Defendant from Arguing That Alleged Inaction by Law Enforcement Officers Made His Conduct on January 6, 2021 Legal

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered his conduct legal. Defendant did not proffer any evidence in his response to the government's motion in limine that would establish that law enforcement's alleged inaction rendered his conduct on January 6, 2021 legal. ECF No. 71. Therefore, the defense should be precluded from arguing such.

In any case, this Court has recognized that "the public authority and entrapment-by-estoppel defenses are available only when the official's statements or conduct state or clearly imply that the defendant's actions are lawful." *Sheppard*, 21-cr-203-JDB, ECF No. 63 at 18. Inaction by a Metropolitan Police Officer or Capitol Police Officer in the face of overwhelming numbers of rioters attempting to breach the Capitol would not rise to the level of advising or clearly implying that the defendant's behavior was lawful. *See United States v. Oliveras*, No. CR 21-738 (BAH), 2023 WL 196525, at *2 (D.D.C. Jan. 17, 2023) ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct"); *cf. United States v. Chrestman*, 525 F. Supp. 3d 14, 32 (D.D.C. 2021) (the President may not "unilaterally abrogate criminal laws duly enacted by Congress"). Accordingly, defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

---

former President Trump. *See Sheppard*, 21-cr-203-JDB, ECF No. 63 at 14–19. And in that case, unlike here, the defendant provided notice of the defense.

### c. This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct

Unless the defendant shows that he observed or was otherwise aware of some alleged inaction by law enforcement, such evidence of officer inaction is irrelevant to the defendant's intent (or any other fact at issue) under Federal Rule of Evidence 401 and should therefore be excluded. Fed. R. Evid. 401. If the defendant was not aware of law enforcement's alleged inaction at the time of his entry onto restricted grounds or into the Capitol building, any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.

The defendant's response does not point to any evidence that Mr. Neely saw law enforcement inaction, but simply suggests hypothetical ways it might become relevant at trial. ECF No. 71 at 3. The defendant asks that the Court defer its decision on this defense until the parties exchange exhibits. *Id.* As explained by then Chief Judge Howell in another January 6 case, "Defendant has it backwards. Although he need not testify, he must somehow establish his awareness of the alleged inaction," such as "a good faith proffer outside the presence of the jury" or "using other evidence to show that defendant was adequately nearby the alleged inaction at the correct time to have perceived and understood such inaction as giving permission to the defendant to enter the Capitol." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, ECF No. 87 at 4 (D.D.C. June 8, 2022) (emphasis, internal quotation marks removed).

Defendant's response concedes that the only evidence of law enforcement inaction that is even potentially relevant is alleged inaction that the defendant himself observed. ECF No. 71 at 2-3 (citing as examples "if a law enforcement officer *told Mr. Neely* he could enter and remain on

5

the premises, and/or if a video *shows Mr. Neely* was not stopped or restrained by law enforcement") (emphasis added). Thus, the Court should grant the government's motion *in limine* and preclude the defendant from presenting evidence of alleged inaction that he did not observe. And, if and when defendant presents such evidence at trial, as in *Williams,* he must also establish his awareness of the alleged inaction.

**d. This Court Should Require the Defendant to Produce Any Exhibits in Support of An Abandonment Defense**

"Abandonment is a defense to a prosecution brought under 18 U.S.C. s 641." *See United States v. Shackelford*, 677 F.2d 422, 425 (5th Cir. 1982) (citing *Morissette v. United States*, 342 U.S. 246 (1952)). Defendant claims that he intends to present evidence to support an abandonment defense, and that he will provide such evidence to the government before trial. He has yet to do so. The Court should order the defendant to provide any exhibits in support of this defense in advance of the jury instructions deadline (currently May 3, 2023). Without establishing (through evidence or proffer) a good-faith basis to argue that the property in question was abandoned, defendant should be precluded from doing so in his opening statement.

## CONCLUSION

For the reasons set forth herein and in the United States' motions in limine (ECF No. 47, 50), the United States respectfully requests that this Court preclude evidence, questioning, or argument relating to cases against members of the news media and preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, or any evidence or argument relating to alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

The Court should also require defendant to disclose any exhibits in support of an abandonment defense in advance of the jury instruction deadline.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By:    */s/ Michael L. Barclay*
            MICHAEL L. BARCLAY
            Assistant United States Attorney
            Member of N.Y. Bar
            U.S. Attorney's Office for the District of Columbia
            601 D Street, NW
            Washington, D.C. 20530
            (202) 252-7669
            Michael.Barclay@usdoj.gov

            KYLE M. MCWATERS
            Assistant United States Attorney
            D.C. Bar No. 241625
            601 D Street NW
            Washington, DC 20003
            (202) 252-6983
            kyle.mcwaters@usdoj.gov