UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-642 (JDB) |
| v. | : | |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO LIMIT QUESTIONING AND ARGUMENT REGARDING THE WOMAN WITH WHOM DEFENDANT ENTERED THE CAPITOL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following reply to the defendant's response (ECF Nos. 72, 73) to the government's motion in limine (ECF No. 48) to preclude defendant from arguing or questioning witnesses regarding whether the woman in the pink beret is a member of law enforcement. That motion should be granted, because defendant still lacks a good faith basis for such cross-examination and such questioning and argument risks misleading the jury and confusing the issues under Fed. R. Evid. 403. In addition, this Court should decline defendant's attempt to question witnesses whether the woman in the pink beret sanctioned his entry into the U.S. Capitol as well as defendant's request to order discovery on the matter.[1]

First, defendant's opposition does not adduce any facts indicating that the woman in the pink beret is in fact a member of or worked with law enforcement. Defendant's opposition brief

---

[1] As this Court is aware, after the Government did not file a reply brief to defendant's opposition brief by the original deadline, the Court issued a minute order requiring it to do so. *See* March 17, 2023 Minute Order.

spills much ink describing the actions of this woman on January 6, 2021, seizing on her distinctive clothing, peculiarities of her conduct inside the Capitol, and interactions with other rioters, including facts that are equally, if not more, compatible with the woman being an eager participant in the riot. Relying on conjecture and supposition, defendant leaps to the conclusion that this woman must be a member of law enforcement. ECF No. 72 at 15–17. This is an "improbable flight of fancy," *United States v. Pugh*, 436 F.2d 222, 225 (D.C. Cir. 1970), not a "lead reasonably suggested by other facts in evidence." *United States v. McCallum*, 885 F. Supp. 2d 105, 117 (D.D.C. 2012), *aff'd*, 721 F.3d 706 (D.C. Cir. 2013) (citing *United States v. Lin*, 101 F.3d 760, 768 (D.C. Cir. 1996)). Such questioning thus lacks foundation and should be barred. Moreover, the speculation in defendant's response, to the extent it has any probative value, is substantially outweighed by the risk of confusing the issues and misleading the jury, and should be also barred under Federal Rule of Evidence 403. Any theoretical probative value such evidence might carry is far outweighed by the likelihood of confusion and the distraction brought on by the need for a "mini-trial" about this woman's conduct and unsupported allegations about "agents provocateurs." *See, e.g.*, 2 Handbook of Fed. Evid. § 403:1 (9th ed.) ("[A] jury may be misled by the sheer amount of time spent upon a question into believing the issue to be of major importance and accordingly into attaching too much significance to it in its determination of the factual issues involved.").

Second, defendant's response stakes out a new—but equally unsupported—line of cross-examination and argument that "Mr. Neely's entry in to the Capitol was directed by [the woman in the] Pink Beret." ECF No. 72 at 15, 17. This argument is simply entrapment in different clothing.[2] Before the Court allows argument on this point, defendant should proffer the evidence

---

[2] This could not be the basis for an entrapment by estoppel defense, as defendant does not claim the woman in the pink beret was dressed as a member of law enforcement or appearing to

to the court to show that such evidence exists. Absent such a proffer, the court should exclude admission the evidence and bar argument about it. *See, e.g., United States v. Oliveras*, No. 21-cr-738 (BAH), 2023 WL 196525, at *1 (D.D.C. January 17, 2023) (excluding an affirmative defense related to January 6 because the defendant failed to proffer any evidence supporting the defense).[3]

To be clear, defense counsel should be free to inquire and argue about the context of Mr. Neely's conduct, including instances where he interacts with the woman in the pink beret.[4] But any argument or questions suggesting that the women in the pink beret authorized, directed, or sanctioned Defendant's conduct is untenable and should be barred under Fed. R. Evid. 403.

Third and finally, defendant claims that "the government has been withholding discovery on the identity of this important witness" and asks the Court to "order the government to identify [the woman in the] Pink Beret." ECF No. 72 at 16, 17. The government is aware of and continues to comply with its discovery obligations under *Brady, Giglio,* and Rule 16. The Defendant is not entitled to a fishing expedition for information not required by Rule 16, *Brady*, or *Giglio*. This Court should decline to sanction it.

---

act under color of law – so defendant could not have relied on her to sanction his conduct. *See* Fed. R. Evid. 401.

[3] It is also flatly inconsistent with defendant's position, in response to the Government's motion in limine to preclude an entrapment-by-estoppel argument, that "Mr. Neely always believed that he had permission to be there because he was a member of the press . . . ," ECF No. 71 at 2.

[4] However, the Government would seek to bar argument and questions about whether the woman in the pink beret is also guilty or should be prosecuted. *See, e.g.*, Sixth Circuit Pattern Jury Instructions, Defining the Crime and Related Matters No. 2.01(3) (2021) ("Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way").

For the foregoing reasons, this Court should grant the Government's motion to preclude the defense from speculative argument or questioning that the woman in the pink beret is a member of law enforcement. ECF No. 48. It should further preclude the defense from arguing that the woman in the pink beret somehow sanctioned Mr. Neely's conduct and deny defendant's request for discovery.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Michael L. Barclay*
        MICHAEL L. BARCLAY
        Assistant United States Attorney
        Member of N.Y. Bar
        U.S. Attorney's Office for the District of Columbia
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-7669
        Michael.Barclay@usdoj.gov

        KYLE M. MCWATERS
        Assistant United States Attorney
        D.C. Bar No. 241625
        601 D Street NW
        Washington, DC 20003
        (202) 252-6983
        kyle.mcwaters@usdoj.gov