UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-642 (JDB) |
| | : | |
| DARRELL NEELY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S TRIAL BRIEF**

Pursuant to the Court's order at the pretrial conference, the government respectfully submits this brief providing a legal framework for the elements of the crimes charged and addressing the question of the virtual appearance of a defense witness.

**I.    Elements of the Crimes Charged**

   **a. Obstructing Officers During a Civil Disorder (Count 1)[1]**

Count One of the indictment charges Mr. Neely with obstructing officers during a civil disorder.  In order to find Mr. Neely guilty of the offense of obstructing officers during a civil disorder, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, Mr. Neely knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

---

[1] 18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73, ECF No. 151 at 8-9 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-CR-104 (NEB/TNL), 2021 WL 942101, at *7 (D. Minn. Mar. 12, 2021); *United States v. Grider*, No. CR 21-022 (CKK), 2022 WL 17829149, at *8 (D.D.C. Dec. 21, 2022) (four elements instead of three); *United States v. McHugh*, 583 F. Supp. 3d 1, 25 (D.D.C. 2022) ("This Court agrees: § 231(a)(3) is a specific intent statute, criminalizing only acts performed with the intent to obstruct, impede, or interfere with a law enforcement officer.").

*Second*, at the time of the Mr. Neely's actual act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

*Third*, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.[2]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[3]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[4]

---

[2] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit 4.10; Transcript of Bench Verdict, ECF No. 76 at 9, *United States v. Nassif*, 21-cr-421-JDB (D.D.C. Dec. 8, 2022) (definition of knowingly); Transcript of Bench Verdict, ECF No. 81 at 12, *United States v. Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022) (same).

[3] 18 U.S.C. § 232(2).

[4] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *Pugh*, ECF No. 151 at 8, 20-cr-73, (S.D. Ala. May 19, 2021); *see also* Jury Instructions, ECF No. 172 at 18, *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (D.D.C. Dec. 7, 2022).

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[5]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United States Capitol Police.[6]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[7]

The Court may also find the defendant guilty of Count 1 under an aiding and abetting theory pursuant to 18 U.S.C. § 2.[8]

---

[5] 18 U.S.C. § 232(3).

[6] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

[7] 2 U.S.C. §§ 1961, 1967

[8] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions, 7.02.

### b. Theft of Government Property (Count 2)[9]

Count Two of the Indictment charges Mr. Neely with theft of United States government property, specifically a U.S. Capitol Police patch, badge, name tag, and baseball hat. In order to find the defendant guilty of theft of United States government property, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

> *First*, that Mr. Neely stole, took, purloined, or knowingly converted to his own use a U.S. Capitol Police patch, badge, name tag, or baseball hat.
>
> *Second*, that the U.S. Capitol Police patch, badge, name tag, or baseball hat was of some value belonging to the United States or any of its departments or agencies.
>
> *Third*, that Mr. Neely intended to deprive, without right, the United States government of the use or benefit of the property. It does not matter whether the defendant knew that the U.S. Capitol Police patch, badge, name tag, or baseball hat belonged to the government, only that he knew it did not belong to him.[10]

---

[9] 18 U.S.C. § 641; Final Jury Instructions, ECF No. 158 at 24, *United States v. Barnett*, 21-cr-38-CRC (D.D.C. Jan. 24, 2023); Final Jury Instructions, ECF No. 83 at 29, *United States v. Thompson*, 21-cr-161-RBW (D.D.C. April 14, 2022).

[10] *See Morissette v. United States*, 342 U.S. 246 (1952); *United States v. Hurt*, 527 F.3d 1347, 1350–51 (D.C. Cir. 2008) ("[A] thief under § 641 is one who takes property knowing it belongs to another with an intent permanently to deprive the owner of possession. A person who harbors a good faith but mistaken belief that property belongs to him lacks the necessary mens rea for theft."); *see also* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at 286–88 ("The government need only prove that the defendant intended to deprive the owner of the use of the money or property; the government need not prove that the defendant knew the money or property belonged to the government").

### c. Entering or Remaining in a Restricted Building or Grounds (Count 3)[11]

Count Three of the Indictment charges Mr. Neely with entering or remaining in a restricted building or grounds.  In order to find Mr. Neely guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, that Mr. Neely entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*, that Mr. Neely did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[12]

### d. Disorderly or Disruptive Conduct in a Restricted Building or Grounds (Count 4)[13]

Count Four of the Indictment charges Mr. Neely with disorderly or disruptive conduct in a restricted building or grounds. In order to find Mr. Neely guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, that Mr. Neely engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*, that Mr. Neely did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*, that Mr. Neely's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[11] 18 U.S.C. § 1752(a)(1).

[12] 18 U.S.C. § 1752(c)(1)(B).

[13] 18 U.S.C. § 1752(a)(2).

"Disorderly" conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety. "Disorderly conduct" also occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others.[14]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[15]

Even mere presence in an unlawful mob or riot is disorderly in the sense that it furthers the mob's disturbance of the public peace and disruptive insofar as it disturbs the normal and peaceful conditions of the Capitol grounds and buildings.[16]

The law permits the Court to infer that a person intends the natural and probable consequences of their actions.[17]

---

[14] See Transcript of Bench Verdict, ECF No. 76 at 14-16, *Nassif*, 21-cr-421-JDB (D.D.C. Dec. 8, 2022) (citing Disorderly, Black's Law Dictionary (9th ed. 2009)); Transcript of Bench Verdict, ECF No. 81 at 18–20, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022) (same).

[15] Transcript of Bench Verdict, ECF No. 81 at 19, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022); Redbook 6.643.

[16] Transcript of Bench Verdict, ECF No. 81 at 19, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022) (citing *United States v. Rivera*, 607 F. Supp. 3d 1, 8 (D.D.C. 2022)).

[17] *United States v. Mejia*, 597 F.3d 1329, 1341 (D.C. Cir. 2010); Transcript of Bench Verdict, ECF No. 81 at 12, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022) (same).

### e. Disorderly Conduct in a Capitol Building (Count 5)[18]

Count Five of the Indictment charges Mr. Neely with disorderly or disruptive conduct in a Capitol Building. In order to find Mr. Neely guilty of this offense, the Court must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, that Mr. Neely engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

*Second*, that Mr. Neely did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*, that Mr. Neely acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[19]

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[20]

---

[18] 40 U.S.C. § 5104(e)(2)(D); Transcript of Bench Verdict, ECF No. 76 at 22, *Nassif*, 21-cr-421-JDB (D.D.C. Dec. 8, 2022); Transcript of Bench Verdict, ECF No. 81 at 24–25, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022).

[19] 40 U.S.C. § 5101.

[20] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

### f. Parading, Demonstrating, or Picketing in a Capitol Building (Count 6)[21]

Count Six of the Indictment charges Mr. Neely with parading, demonstrating, or picketing in a Capitol building. In order to find Mr. Neely guilty of this offense, the Court must find that the government proved each of the following two elements beyond a reasonable doubt:

*First*, that Mr. Neely paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

*Second*, that Mr. Neely acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.[22]

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress.[23]

## II. Defense Witness Virtual Testimony

During the pre-trial conference, the defense indicated that they sought to have one witness testify by Zoom. Upon further consideration of the caselaw, the Government withdraws its objection to this defense witness' testimony occurring virtually, but it reserves its right to object to the relevance of the testimony itself.[24]

---

[21] 40 U.S.C. § 5104(e)(2)(G).

[22] *See also Rivera*, 607 F. Supp. 3d at 8 (defining "to parade" as to take part in "[a] march or procession, organized on a grand scale, in support of some political object" or "to march in or as if in a procession") (citing "Parade," Oxford English Dictionary (2nd ed. 1989); "Parade," Merriam-Webster.com Dictionary (June 16, 2022)).

[23] *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000). See Transcript of Bench Verdict, ECF No. 81 at 27, *Brock*, 21-cr-140-JDB (D.D.C. Nov. 16, 2022).

[24] The Government understands from the defense's proffer that this witness will testify that she is a permanent host on Mr. Neely's radio network, has known Mr. Neely since 2014, and that both she and Mr. Neely purport to be investigative reporters. Since this testimony appears to have nothing to do with Mr. Neely's activities on January 6, 2021, the Government expects to object on relevance grounds.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

 /s/ *Michael L. Barclay*
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20001
(202) 252-7669
Michael.Barclay@usdoj.gov

KYLE MIRABELLI
Assistant United States Attorney
NY Bar No. 5663166
U.S. Attorney's Office for the District of Columbia
601 D Street N.W., Room 6.725
Washington, D.C. 20001