UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | CRIMINAL NO. 21-cr-642 (JDB) |
| : | |
| DARRELL NEELY, : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S RESPONSE TO COURT'S MINUTE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's January 22, 2025 Minute Order.

**BACKGROUND**

On September 8, 2023, Darrell Neely was sentenced to 28 months imprisonment, followed by 12 months of supervised release. ECF 114. On November 22, 2024, Neely was arrested on an alleged supervised release violation. Min. Entry 11/22/2024. After a Preliminary Revocation Hearing on December 13, 2024, Neely was released from Federal custody and placed back on supervised release. See Min. Entry12/13/2024. Neely was not immediately released due to a D.C. Superior Court bench warrant for an unrelated matter and was eventually sentenced to 60 days incarceration in that case. See ECF 129, Joint Status Report January 13, 2024. He is scheduled to be released on February 3, 2025. Id. After considering the Joint Status Report, the Court issued an Order setting the Final Revocation Hearing for February 27,2025. See Min. Order January 17, 2025. On January 20, 2025, the President issued an Executive Order, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021. On January 22, 2025, the Court order that the parties inform the Court

of their positions "whether the pardon extends to Neely's alleged violations of the terms of his supervised release and, if not, whether there is any other reason why the Court should not proceed with the final revocation hearing on February 27, 2025." Min. Order January 22, 2025.

## ARGUMENT

The proclamation is clear in stating that the pardons cover convictions for offenses "related to events that occurred at or near the United States Capitol on January 6, 2021." As the terms of supervised release and probation are included in the "sentences" of the defendants, the term is no longer active by effect of the Executive Order. *See United States v. Haymond,* 588 U.S. 634, 648 (2019) (Supreme Court has acknowledged "that an accused's final sentence includes any supervised release sentence he may receive" and therefore "supervised release punishments arise from and are treat[ed] as part of the penalty for the initial offense") (cleaned up)).

The defendant is no longer considered on supervised release due to the effect of the Executive Order. Thus, further proceedings on the supervised release violation should be terminated.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866


_____/S/_____

JENNIFER LEIGH BLACKWELL

Assistant United States Attorney
D.C. Bar No. 481097
601 D Street, NW
Washington, D.C. 20530
Jennifer.blackwell3@usdoj.gov
(202) 252-7068